**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| ANGEL RIOS-ROSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-CV-126 SNLJ |
| | ) |
| BILL STANGE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Angel Rios-Rosa, an inmate at Southeast Correctional Center (SECC), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will order plaintiff to amend his complaint on a court-provided form within twenty-one (21) days of the date of this Memorandum and Order.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even

pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

**Plaintiff's Criminal Background**

A criminal complaint was filed against plaintiff in Buchanan County, Missouri, on July 22, 2012, charging plaintiff with felony sexual assault. *See State v. Rios-Rosa*, No. 12BU-CR01603 (5th Judicial Circuit, Buchanan County Court). Plaintiff pled guilty to the charge which was filed on June 10, 2013. He was sentenced to six (6) years' imprisonment in the Missouri Department of Corrections (MDOC) on that same date. *See State v. Rios-Rosa*, No. 12BU-CR01603-01 (5th Judicial Circuit, Buchanan County Court).

A criminal complaint was filed against plaintiff in Buchanan County, Missouri, on January 26, 2013, charging plaintiff with felony robbery in the second degree. *See State v. Rios-Rosa*, No. 13BU-CR00219 (5th Judicial Circuit, Buchanan County Court). Plaintiff pled guilty to the charge which was filed on May 9, 2013. He was sentenced to twelve (12) years' imprisonment in the Missouri Department of Corrections (MDOC) on that same date. *See State v. Rios-Rosa*, No. 13BU-CR00219-01 (5th Judicial Circuit, Buchanan County Court).

An indictment was filed against plaintiff in the United States District Court for the Western District of Missouri on January 12, 2017, charging plaintiff with Racketeering Conspiracy, Racketeering, two counts of Hobbs Act robbery and Interference with Commerce by Threat or Violence. *See United States v. Rios-Rosa*, No. 4:17CR16 RK (W.D.Mo.). Plaintiff pled guilty to Racketeering Conspiracy on June 17, 2020. He was sentenced to seventy-two months' imprisonment, to run concurrently with his sentences previously imposed in Buchanan County Court. *Id.* Plaintiff was also sentenced to three years of supervised release.

On September 1, 2021, a criminal complaint was filed in DeKalb County, Missouri, charging plaintiff with the Class E felony of endangering a corrections employee. *See State v. Rios-Rosa*, No. 21DK-CR00296 (43rd Judicial Circuit, DeKalb County Court). The matter is currently set for preliminary hearing on December 20, 2022. *Id.*

### The Complaint and Supplemental Documents

Plaintiff brings this action on a court-provided civil complaint form for filing claims pursuant to 42 U.S.C. § 1983. He names the following as defendants in this action: Warden Bill Stange, Case Manager Charles Reed and Nurse Molly Lieja. Plaintiff sues defendants in both their official and individual capacities.

Plaintiff's claims are somewhat difficult to discern. He appears to complain about Nurse Lieja "laughing" at him and causing him "mental anguish" and "psychological trauma." He claimed he sustained an injury to his anal area and two nurses told him to file requests for medical treatment to obtain treatment. However, they still laughed at him relating to his injury.[1]

Plaintiff has attached to his complaint a copy of his Informal Resolution Request (IRR), filed on June 11, 2022, indicating that he believes defendant Charles Reed has acted unprofessionally towards him and "placed his life in danger" by letting others know that he masturbates in front of female staff members.[2] Also attached to the complaint is a response to the IRR, filed on June 14, 2022, from Clifton Cosey, Functional Unit Manager, indicating that an investigation into plaintiff's allegations failed to reveal any unprofessional behavior or harassment

---

[1] It is not entirely clear if plaintiff received medical treatment on his anal wound. At one point in the complaint, he states that the nurses at SECC failed to provide him with treatment and he had to clean his wound with "toilet water." In another part of his complaint, it appears plaintiff is indicating that he did receive treatment for his wound later, but that he did not feel the treatment was sufficient. The Court will order plaintiff to amend his pleading to clearly state his allegations.

[2] Pursuant to Federal Rule of Civil Procedure 10(c), "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

from defendant Reed. Plaintiff filed a grievance relating to the matter on June 25, 2022, and on July 8, 2022, Warden Stange filed a grievance response indicating that there was no evidence to support his claim. On July 18, 2022, plaintiff filed a grievance appeal, and on August 16, 2022, plaintiff's grievance appeal was denied by Jason Lewis, Deputy Division Director of Adult Institutions.

Plaintiff has also attached to his complaint a copy of a letter he received from a Prison Rape Elimination Act (PREA) Investigator at the Missouri Department of Corrections, Leslie Carsey. The letter refers to correspondence sent to the Office of Investigations by plaintiff on August 3, 2022, alleging a PREA violation. On the bottom of the letter received from the Investigator, plaintiff has written:

> I been sending correspondence to PREA Office on Jefferson City, MO, but they do not helping myself with nothing because alls aggressors who had has victimize plus retaliated towards myself still be around committing more verbal harassment. I do has had letting supervisor and Investigator III Leslie Carsey ones from PREA Department from (SECC) had has supply myself with any type of mental health support or even with any identity organization would any one contact Eastern Region PREA Supervisor to has answers of my embarrassment.

In addition to the allegations in the complaint, plaintiff filed several supplements with the Court in which he makes additional allegations.[3] On September 29, 2022, plaintiff filed correspondence asserting that the judge in his federal criminal case acted unprofessionally toward him. [ECF No. 4]. Plaintiff asserts that he acted as a confidential informant, and he should have been provided protection by both the prosecutor and the judge after his criminal conviction. Plaintiff does not indicate that he has been harmed as a result of his alleged action as a confidential informant.

---

[3]The Court does not accept supplements to the complaint by interlineation. Accordingly, as noted above, plaintiff will be asked to amend his complaint on a court-provided form encompassing all of the allegations in his complaint.

On October 11, 2022, plaintiff filed correspondence alleging that he had not been provided proper "legal materials" at SECC. [ECF No. 5]. Plaintiff, however, failed to articulate any factual information regarding his statement, such as a denial of the ability to file legal claims in court.[4]

On October 26, 2022, plaintiff filed correspondence indicating that he was seeking a transfer from SECC to another institution. [ECF No. 6]. Plaintiff alleges that a correctional officer had been referring to him as a "Crip" and he had been "sexually harassed." Plaintiff failed to indicate whom had "sexually harassed" him, or how being called a "Crip" had hurt him.

On October 28, 2022, plaintiff filed correspondence with the Court alleging that he was seeking "removal" of his case to another Court in the "First Federal Circuit of Puerto Rico." [ECF No. 7]. He additionally alleges that he was still "under surveillance at SECC" and being "sexually harassed." However, plaintiff again failed to name an aggressor in his supplemental correspondence.[5]

Plaintiff has failed to fill in the section of his complaint marked, "Relief."

## Discussion

As currently pled, plaintiff's complaint and supplemental filings are subject to dismissal. First and foremost, to the extent plaintiff is seeking compensatory damages in this action, his complaint fails to state an actionable claim under the Prison Litigation Reform Act (PLRA).

---

[4]To set forth a First Amendment access to courts claim, a plaintiff prove an actual injury to a pending legal claim. *See White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). For example, an inmate must show that a complaint that he prepared was dismissed due to a technical requirement that a law library's inadequacies prevented him from knowing, or that a library was so inadequate that it prevented him from filing a complaint for actionable harm at all. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).

[5]The Court is unsure if plaintiff is seeking transfer of this action, his closed federal court criminal action, or if he is seeking transfer of his person. Prisoners do not have a constitutionally derived liberty interest in being held in any particular institution. *See Meachum v. Fano,* 427 U.S. 215, 224 (1976). Moreover, to the extent plaintiff is seeking transfer of this action, he would need to file a separate motion for transfer and appropriately identify the Court to which he is seeking to transfer the action.

The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury."); *but see Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (holding prisoners may maintain actions for alleged First Amendment violations without claiming a physical injury).

Plaintiff has claimed no physical injury arising out of the alleged violations of his constitutional rights for "harassment" or "emotional injuries" from defendants. The PLRA bars recovery of compensatory damages in this action.

Furthermore, "[g]enerally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992). *See also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) ("Verbal threats and name calling usually are not actionable under § 1983"). In other words, fear or emotional injury resulting "solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *King v. Olmsted Cty.*, 117 F.3d 1065, 1067 (8th Cir. 1997). To determine whether a constitutional line has been crossed, a court looks to factors such as "the amount of force that was used in relationship to the need presented, the extent of injury inflicted, and the motives of the state officer." *Turner v. Mull*, 784 F.3d 485, 492 (8th Cir. 2015). A "threat is redressable under § 1983 if it caused severe injuries, was grossly disproportionate to the need for action under the circumstances and was inspired by malice rather than merely careless or unwise excess of zeal so that it amounted to an abuse of official power that shocks the conscience." *Id*. Plaintiff has not

alleged such an injury in this lawsuit by defendants. As such, his claims are not cognizable under § 1983.

Plaintiff has also failed to allege specific liability by each of the defendants in this action such that they can be held liable under § 1983. Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). In this action, plaintiff has failed to allege that Warden Stange violated his constitutional rights in a personal manner or that Case Manager Charles Reed did anything more than verbally harass plaintiff, which is not actionable under § 1983.[6]

---

[6] Plaintiff's official capacity claims are also subject to dismissal. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). Accordingly, plaintiff's official capacity claims against the two Missouri of Department Corrections employees are subject to dismissal. Similarly, plaintiff's official capacity claims against Nurse Lieja, a Centurion employee, are also subject to dismissal. to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"); and *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is

Despite the aforementioned, to the extent plaintiff is claiming that his medical wounds were left untreated by defendant Molly Lieja, the Court will allow plaintiff to amend his complaint to fully set forth his claims for relief. To establish deliberate indifference under the Eighth Amendment, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). In other words, whether a prison official has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need, while under the subjective prong, he or she must show that a prison official actually knew of but disregarded that serious medical need. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

As to the subjective prong, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). *See also Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (explaining that "plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the arrestee's health"). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v.*

---

liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983"). Plaintiff has failed to allege that a policy or custom of Centurion was responsible for his alleged injuries.

*Weber*, 433 F.3d 642, 646 (8th Cir. 2006). The Court notes that a prisoner's disagreement with medical staff with the decision to offer him over-the-counter medications, rather than prescription medication, does not constitute deliberate indifference. *See Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019). Additionally, "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1118-19 (8th Cir. 2007). *See also Cejvanovic v. Ludwick*, 923 F.3d 503, 507 (8th Cir. 2019) (stating that a "mere disagreement with treatment decisions…does not rise to the level of a constitutional violation").

### Instructions for Amending the Complaint

Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint **and all supplements**, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. Plaintiff must **type or neatly print** the amended complaint on the Court-provided prisoner civil rights complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A). **Additionally, the Court will not accept any additional supplements or correspondence from plaintiff containing separate claims. All such correspondence will be stricken by this Court.**

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See*

*U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against that defendant. If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the

Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). It is not enough for plaintiff to refer to a group of defendants and make general allegations against them. Instead, plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

## Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel in addition to his complaint in this action. [ECF No. 3]. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant

factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. This case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will therefore deny the motion without prejudice and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Order, plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** plaintiff's request for appointment of counsel [ECF No. 3] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that after submission of the amended complaint, the Court will review the pleading pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.

Dated this 7th day of November, 2022

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE