UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANGEL RIOS-ROSA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:22-CV-126 SNLJ |
| BILL STANGE, et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

Before the Court is plaintiff's post-dismissal motion to amend his complaint. [ECF No. 17]. Having reviewed plaintiff's motion to amend his complaint, the Court will decline to reopen the present matter and deny plaintiff's post-dismissal motion to amend his pleading.

### **Background**

Plaintiff, Angel Rios-Rosa, is currently confined at Southeast Correctional Center (SECC) in Charleston, Missouri. He filed the instant action on September 23, 2022, pursuant to 42 U.S.C. § 1983, complaining that he had been subjected to "psychological trauma" and "mental anguish" when two nurses laughed at him when he sought medical treatment for an anal injury at SECC. Plaintiff also claimed that Case Manager Charles Reed acted unprofessionally towards him and "placed his life in danger" by letting others know that he masturbates in front of female staff members. After the filing of his complaint, plaintiff filed correspondence with the Court indicating that he was being "sexually harassed." In his correspondence plaintiff failed to indicate who was sexually harassing him. [ECF Nos. 5-7].[1]

---

[1] In addition to the correspondence regarding the alleged "sexual harassment," plaintiff also filed correspondence alleging that the judge in his federal criminal case acted unprofessionally towards him. [ECF No. 4].

On November 7, 2022, the Court granted plaintiff's motion to proceed in forma pauperis, ordered that he pay a partial filing fee of $1.00, and ordered plaintiff to amend his complaint to encompass all of his allegations before the Court. [ECF No. 8]. In the Court's Memorandum and Order, the Court noted that plaintiff's allegations failed to state a claim for relief for a multitude of reasons, thus it was necessary that he amend his pleading. The Court took time to indicate the various reasons plaintiff's allegations failed to state a claim, and in the Order, the Court set forth exactly how plaintiff should amend his pleading pursuant to Federal Rules of Civil Procedure 8, 10, 18 and 20. [ECF No. 8]. Plaintiff's amended complaint was due to the Court **no later than November 28, 2022**. On that same date, plaintiff's initial partial filing fee of $1.00 was also due to the Court. Plaintiff was provided a court-form for the filing of his amended complaint, along with a copy of the Court's Order.

Despite the Court's Order requiring plaintiff to amend his pleading on a court-form, on November 7, 2022, plaintiff filed correspondence with the Court, [ECF No. 9], asking for a review of his closed criminal case as well as inquiring into the status of his "sexual harassment" case. Plaintiff also sought copies of "applications to apply" for "Rules 4 and 65" of the Federal Rule of Civil Procedure.

On November 12, 2022, and November 19, 2022, plaintiff again wrote to the Court requesting copies of applications for Rules 4 and 65 of the Federal Rules of Civil Procedure. [ECF Nos. 11 and 12]. In his correspondence of November 19, 2022, plaintiff sought a second copy of the Court's court-form for filing his amended complaint. On November 29, 2022, and November 30, 2022, the Deputy Clerk of Court wrote to plaintiff and explained that the Court did not have an application for filing Rule 4 or Rule 65 forms. [ECF Nos. 11 and 12]. However, on November

2

29, 2022, plaintiff was sent a copy of the blank complaint form, as well as a copy of the docket sheet.

On December 1, 2022, plaintiff placed in the prison mailing system at SECC a letter to the Court indicating that he was collecting evidence relevant to his case.[2] [ECF No. 15]. Plaintiff made various complaints against the Court in his correspondence, including the failure of the Court to have forms for filing under Rules 4 and 65. Plaintiff did not, however, seek additional time for filing his amended complaint or for paying the initial partial filing fee. The Court dismissed this action on December 6, 2022, due to plaintiff's failure to amend his complaint and pay his initial partial filing fee in a timely manner. *See* Fed.R.Civ.P.41(b).[3]

On December 19, 2022, the Court received a motion to proceed in forma pauperis on appeal from plaintiff that was dated November 27, 2022[4]; however, there is no indication as to when the pleading was placed in the prison mailing system at SECC. There is no postmark on the envelope accompanying plaintiff's filing, nor has plaintiff provided a certification on his pleading indicating when he placed his pleading in the prison mailing system. The prison mailbox rule states that the pleading is deemed filed at the time of mailing. *See Sulik v. Taney County, Mo.,* 316 F.3d 813, 815 (8th Cir. 2003), *overruled on other grounds*, 393 F.3d 765, 766-77 (8th Cir. 2005).

---

[2]Plaintiff dated his letter November 29, 2022.

[3]On December 12, 2022, the Court received correspondence from plaintiff that was dated December 4, 2022. In the correspondence, plaintiff stated that he was going to report the Court to the nightly news because he believed the Court was acting in a fraudulent manner. He claimed that he was being treated differently because he was Puerto Rican. [ECF No. 16].

[4]Because this action was not dismissed until December 6, 2022, the Court finds it unlikely that plaintiff's motion to proceed in forma pauperis on appeal was signed and dated on November 27, 2022. The Court takes judicial notice that plaintiff was not sent a copy of the second court form for filing his amended complaint until November 29, 2022, by the Deputy Clerk. [ECF No. 12].

Because plaintiff's motion lacks a certification as to when he placed it in the prison mailing system, the Court finds that the amended complaint is untimely filed. However, even if the Court were to reopen the present matter and review plaintiff's amended complaint for frivolousness, maliciousness and for failure to state a claim, his amended complaint would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Thus, allowing him to amend would be futile. For these reasons, the Court will decline to reopen the present matter and deny plaintiff's post-dismissal motion to amend his pleading.

### Plaintiff's Criminal Background

A criminal complaint was filed against plaintiff in Buchanan County, Missouri, on July 22, 2012, charging plaintiff with felony sexual assault. *See State v. Rios-Rosa*, No. 12BU-CR01603 (5th Judicial Circuit, Buchanan County Court). Plaintiff plead guilty to the charge which was filed on June 10, 2013. He was sentenced to six (6) years' imprisonment in the Missouri Department of Corrections (MDOC) on that same date. *See State v. Rios-Rosa*, No. 12BU-CR01603-01 (5th Judicial Circuit, Buchanan County Court).

A criminal complaint was filed against plaintiff in Buchanan County, Missouri, on January 26, 2013, charging plaintiff with felony robbery in the second degree. *See State v. Rios-Rosa*, No. 13BU-CR00219 (5th Judicial Circuit, Buchanan County Court). Plaintiff plead guilty to the charge which was filed on May 9, 2013. He was sentenced to twelve (12) years' imprisonment in the Missouri Department of Corrections (MDOC) on that same date. *See State v. Rios-Rosa*, No. 13BU-CR00219-01 (5th Judicial Circuit, Buchanan County Court).

An indictment was filed against plaintiff in the United States District Court for the Western District of Missouri on January 12, 2017, charging plaintiff with Racketeering Conspiracy, Racketeering, two counts of Hobbs Act robbery and Interference with Commerce by Threat or

Violence. *See United States v. Rios-Rosa*, No. 4:17CR16 RK (W.D.Mo.). Plaintiff plead guilty to Racketeering Conspiracy on June 17, 2020. He was sentenced to seventy-two months' imprisonment, to run concurrently with his sentences previously imposed in Buchanan County Court. *Id.* Plaintiff was also sentenced to three years of supervised release.

On September 1, 2021, a criminal complaint was filed in DeKalb County, Missouri, charging plaintiff with the Class E felony of endangering a corrections employee. *See State v. Rios-Rosa*, No. 21DK-CR00296 (43rd Judicial Circuit, DeKalb County Court). The matter is currently set for preliminary hearing on February 21, 2023. *Id.*

### The Proposed Amended Complaint

Plaintiff, a prisoner currently incarcerated at Southeast Correctional Center (SECC), in Charleston, Missouri, filed a motion seeking to amend his complaint after the dismissal of this action by placing his amended complaint in the prison mailing system at SECC on an unknown date. His motion to amend his complaint lacks a certification as to when his placed his complaint in the prison mailing system. Thus, this Court finds his pleading to be untimely.

Plaintiff's alleges violations of his civil rights brought pursuant to 42 U.S.C. § 1983. His amended complaint is on a court-provided form, and it names the following individuals as defendants in this action: Bill Stange (Warden); Charles Reed (Case Manager); Unknown Sargento; Tyler Womack. Plaintiff brings this action against defendants Stange and Reed in their individual capacities only. Plaintiff has failed to allege the capacities under which he is suing defendants Sargento and Womack. As such, the Court must assume that he is suing defendants Sargento and Womack in their official capacities only.

Plaintiff's allegations are best repeated in their entirety. In his "Statement of Claim," he asserts:

5

> I files PREA Report with Captain Peters long time ago[] since 3-28-22 doing also anyones files form . . . since 3-28-22 doing also anyones saying anything about my finalizations of grievance procedures doing also about my subpoenas doing also about all video footage.

In the body of his amended complaint, plaintiff also asserts that he has been "mistreat[ed]" by staff members, although he fails to articulate exactly which of the staff members at SECC allegedly "mistreated" him or what was allegedly done to him that he believes to have qualified as "mistreatment." Plaintiff also states that he suffers from mental issues and the events he describes in his "Statement of Claim" took place in a "suicide cell" at SECC.

For relief in this action, plaintiff seeks monetary damages in an amount of $44.8 million.

## Discussion

**A. Plaintiff's Post-Dismissal Motion to Amend His Complaint**

Amendment generally is governed by Federal Rule of Civil Procedure 15. Under that Rule, courts "should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). But "different considerations apply to motions [to amend] filed after dismissal," *United States ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir.2009) (quoting *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir.1999)), because "[a]fter a complaint is dismissed, the right to amend under Fed.R.Civ.P. 15(a) terminates." *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 550 (8th Cir.1997) (citation omitted). Courts have "considerable discretion" to deny such "disfavored" motions. *Drobnak v. Andersen Corp.,* 561 F.3d 778, 788 (8th Cir.2009) (quoting *Roop*, 559 F.3d at 824).

There were several deficiencies in plaintiff's pleading which required plaintiff to file an amended complaint in this matter. First, plaintiff's initial allegations were somewhat difficult to discern. Although he named three defendants in his initial complaint (Warden Stange, Case Manager Reed, and Nurse Molly Lieja), he failed to properly articulate claims against these

6

defendants in the body of his complaint. Additionally, plaintiff's allegations were amorphous, asserting claims of "mental anguish," "psychological trauma" and "verbal harassment" which could not form the basis for relief under 42 U.S.C. § 1983.  Plaintiff also failed to file include all of his allegations within the body of his complaint, instead filing four additional supplemental complaints with the Court. [ECF Nos. 4-7]. Last, plaintiff failed to note the requested relief he was seeking on his complaint form.

As noted above, plaintiff failed to file his amended complaint in a timely manner in this Court. Thus, this action was dismissed on December 6, 2022. [ECF No. 13]. Although plaintiff corresponded with the Court on various dates after he was told to amend his pleading on November 7, 2022, [ECF No. 8], he failed to amend his pleading in a timely manner. Even if the Court were to reopen the present matter and review plaintiff's amended complaint for frivolousness, maliciousness and for failure to state a claim, his amended complaint would be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). Thus, allowing him to amend would be futile. *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) ("[T]here is no absolute right to amend and a court may deny the motion based upon a finding of…futility"); *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005) ("[T]here is no absolute right to amend and a finding of…futility of the amendment may be grounds to deny a motion to amend"); and *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (stating that district court was justified in denying plaintiff's leave to amend because the "complaint, as amended, could not withstand a motion to dismiss"). Despite the untimely finding, the Court will review plaintiff's amended complaint for frivolousness, maliciousness and failure to state a claim.

1. **Official Capacity Claims Against Defendants Unknown Sargento and Tyler Womack**

Plaintiff failed to specify the capacities under which he is suing defendants Unknown Sargento and Tyler Womack in his proposed amended complaint. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). Moreover, in the

8

absence of a waiver, the Eleventh Amendment bars suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Given the aforementioned, plaintiff's claims against defendants Sargento and Womack in his proposed amended complaint are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 2. Individual Capacity Claims Against Defendants Charles Reed and Bill Stange

Plaintiff's claims in his proposed amended complaint against defendants Charles Reed and Bill Stange are also subject to dismissal because plaintiff has failed to articulate specific allegations against these defendants. The sum of plaintiff's allegations against these defendants is as follows:

> I files PREA Report with Captain Peters long time ago[] since 3-28-22 doing also anyones files form . . . since 3-28-22 doing also anyones saying anything about my finalizations of grievance procedures doing also about my subpoenas doing also about all video footage.

In the body of his amended complaint, plaintiff also asserts that he has been "mistreat[ed]" by staff members, although he fails to articulate exactly which of the staff members at SECC allegedly "mistreated" him or what was allegedly done to him that he believes to have qualified as "mistreatment." Plaintiff also states that he suffers from mental issues and the events he describes in his "Statement of Claim" took place in a "suicide cell" at SECC.

None of the allegations are connected to defendants Reed or Stange, nor do the allegations indicate a violation of a constitutional or federal right, pursuant to 42 U.S.C. § 1983. As plaintiff was specifically told in the Court's November 7, 2022 Memorandum and Order:

> Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of

9

the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

In this action, plaintiff has failed to allege that Warden Stange violated his constitutional rights in a personal manner or that Case Manager Charles Reed did anything more than verbally harass plaintiff, which is not actionable under § 1983. *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) ("Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim."); *See also McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) ("Verbal threats and name calling usually are not actionable under § 1983").

Furthermore, to the extent plaintiff is complaining that defendants failed to follow the Missouri Department of Corrections grievance procedures, he has failed to articulate a constitutional violation. See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("there is no constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations"); *See also Jenner v. Nikolas*, 828 F.3d 713, 716-17 (8th Cir. 2016) (explaining that "[t]he existence of a state-mandated procedural requirement does not, in and of itself, create a constitutionally protected liberty interest"). To that end, a prison grievance procedure is a procedural right only and does not confer upon an inmate a substantive right. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). *See also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (agreeing with district court that "defendants' denial of [plaintiff's] grievances did not state a substantive constitutional claim"); and *Fallon v. Coulson*, 5 F.3d 531, 1993 WL 349355, at *1 (8th Cir. 1993) (unpublished opinion) (stating that the failure of defendants "to acknowledge receipt of and respond to plaintiffs' grievances pursuant to prison procedure did not violate any of plaintiffs' constitutional rights").

10

For the aforementioned reasons, the Court declines to allow plaintiff to amend his complaint in this action as the claims in his amended complaint are subject to dismissal. As such, allowing plaintiff to amend would be futile.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's post-dismissal motion to amend his complaint [ECF No.17] is **DENIED.**

**IT IS FURTHER ORDERED** that the Court declines to reopen the present matter.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 9th day of January, 2023.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE